Mike Ward Butler County Attorney 214 W. Central El Dorado, Kansas 67042
Dear Mr. Ward:
You request an opinion whether the home rule provisions of the Kansas constitution (article 12, section 5) require that a city hold an election in a situation where a successful petition puts a charter ordinance to a vote. Evidently, the governing body passed charter ordinance no. 10 which purported to exempt the city from various statutes dealing with the division of the city into wards and a requirement of an elected city treasurer. The city decided against pursuing charter ordinance 10 when the electors were successful in demanding that it be put to a vote. The city has now passed three charter ordinances (charter ordinances 11, 12 and 13) dealing with the same topics that charter ordinance 10 addressed in a purported attempt to discover which issues the electors do not support.
You question the legality of the city's action in not calling an election on charter ordinance 10 and passing charter ordinances 11, 12 and 13 which address the same topics contained in charter ordinance 10 thus forcing the electors to mount another petition drive.
Article 12, section 5(c)(3) states, in part, as follows:
 "No charter ordinance shall take effect until 60 days after its final publication. If within 60 days of its final publication a petition . . . shall be filed in the office of the clerk of such city demanding that such ordinance be submitted to vote of the electors, it shall not take effect until submitted to a referendum and approved by a majority of the electors voting thereon. An election, if called, shall be called within 30 days and held within 90 days after the filing of the petition." (Emphasis added).
This provision is clear that an election is optional and, consequently, there is no requirement that a city hold an election if a charter ordinance is challenged by way of petition. Heim, Kansas BarAssn. Handbook on Kansas Local Government, sec. 3.57 (1991). However, failure to hold an election makes the charter ordinance ineffective.
Finally, there is nothing which prevents the city from enacting other charter ordinances as long as the constitutional requisites are followed (i.e. two-third vote of the governing body and publication). While it may appear that the city of Andover is thwarting the will of the electors by resurrecting charter ordinance 10 in the guise of charter ordinances 11, 12 and 13 the constitution does not prohibit such action.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm